**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

      Plaintiff - Appellee,

v.

DEMONE RASHEE BELL a/k/a D,

      Defendant - Appellant.

No. 14-5139
(D.C. Nos. 4:12-CV-00522-GKF-FHM
and 4:10-CR-00129-GKF-1)
(N.D. Oklahoma.)

**ORDER DENYING**
**CERTIFICATE OF APPEALABILITY**[*]

Before **KELLY**, **LUCERO** and **McHUGH**, Circuit Judges.

Petitioner Demone Rashee Bell, a federal prisoner appearing pro se, seeks a

certificate of appealability (COA) to appeal the district court's dismissal of his motion for

relief under 28 U.S.C. § 2255.[1] We deny the petition for COA and dismiss the appeal.

---

[*] This order is not binding precedent, except under the doctrines of law of
the case, res judicata, and collateral estoppel. It may be cited, however, for its
persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[1] The district court entered judgment against Mr. Bell on September 8, 2014.
Accordingly, Mr. Bell's notice of appeal was due within 60 days. *See* Fed. R. App. P.

Continued . . .

In 2011, Mr. Bell was convicted of several offenses relating to a conspiracy to manufacture and distribute methamphetamine in violation of 21 U.S.C. §§ 846 and 841. He was sentenced to 300 months' imprisonment. He now seeks relief pursuant to 28 U.S.C. § 2255 on the ground that his trial and appellate counsel were ineffective. Specifically, Mr. Bell argues his counsel was ineffective for "enter[ing into] an agreement which permitted the government to avoid disclosing to the jury" information pertaining to the alleged misconduct of various members of the Tulsa Police Department and for failing to properly contest the jury's finding that he was responsible for 2,400 grams of methamphetamine.[2]

In the context of a § 2255 petition, we will issue a COA "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A petitioner can make such a showing by demonstrating "that reasonable

---

4(a)(1)(B) (establishing 60-day appeal period when the United States is a party). Sixty-six days later, on November 13, 2014, the district court docketed Mr. Bell's pro se notice of appeal. On jurisdictional review, this court issued an order to show cause why Mr. Bell's appeal should not be dismissed as untimely under Rule 4 of the Federal Rules of Appellate Procedure. In response, Mr. Bell submitted a sworn declaration invoking the "prison mailbox rule" under Rule 4(c)(1) and 28 U.S.C. § 1746. Mr. Bell declared he deposited his notice of appeal in the prison mailing system on November, 7, 2014, on the last day of the sixty-day appeal period. Accordingly, Rule 4 poses no bar to our appellate jurisdiction in this matter.

[2] To the extent Mr. Bell's petition raises additional claims of ineffective assistance of counsel, we decline to consider them because they were not first argued to the district court. *Stuber v. Hill*, 50 F. App'x 386, 387 (10th Cir. 2002) (unpublished) (declining to review "new arguments or theories on appeal" in a petition for COA); *Dockins v. Hines*, 374 F.3d 935, 940 (10th Cir. 2004) (holding the same in the context of a state prisoner's request for habeas relief under 28 U.S.C. § 2254).

-2-

jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (internal quotation marks omitted); *see also United States v. Pinson*, 584 F.3d 972, 975 (10th Cir. 2009) ("Such a showing is made only where a prisoner demonstrates that jurists of reason would find it debatable that a constitutional violation occurred, and that the district court erred in its resolution." (internal quotation marks omitted)). Unless we grant a COA, we lack jurisdiction to consider the merits of a habeas appeal. *Miller-El v. Cockrell*, 537 U.S. 322, 342 (2003) ("Before the issuance of a COA, the Court of Appeals had no jurisdiction to resolve the merits of petitioner's constitutional claims.").

Because Mr. Bell's § 2255 petition raises claims of ineffective assistance of counsel, we must analyze his claim in light of the two-part test for ineffective assistance established in *Strickland v. Washington*, 466 U.S. 668 (1984). Under *Strickland*, a petitioner must show (1) "that counsel's performance was deficient" and (2) "that the deficient performance prejudiced the defendant." *Id.* at 687. As to the first prong, a petitioner must demonstrate "that counsel's representation fell below an objective standard of reasonableness." *Id.* at 688. For the second prong, a petitioner "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. Because a petitioner must satisfy both *Strickland* prongs to succeed on an ineffective assistance claim, we are free

to consider the prongs in any order and need not address both "if the defendant makes an insufficient showing on one." *Id.* at 697.

### I. Whether Defense Counsel Was Ineffective for Failing to Introduce Evidence of Alleged Police Misconduct

Prior to Mr. Bell's arrest, members of the Tulsa Police Department were indicted for a variety of offenses committed during the course of their employment. The Government filed a motion in limine in Mr. Bell's case to exclude evidence referring to the illegal conduct of the members of the Tulsa Police Department, claiming that none of the indicted officers would testify in Mr. Bell's case. Through counsel, Mr. Bell opposed the Government's motion, arguing that several of the accused officers were involved in the search of the home of Mr. Bell's girlfriend, April Mayhew. Mr. Bell argued he should be allowed to introduce evidence of the accused officers' misconduct if any evidence obtained via the search was introduced. The trial court granted the Government's motion in limine, but noted that evidence of the alleged misconduct could come in if the Government relied on evidence obtained from the search of Ms. Mayhew's home.

In his petition, Mr. Bell characterizes this exchange as an "agreement" to exclude evidence of the officers' alleged misconduct. To the contrary, Mr. Bell's counsel objected to the Government's motion in limine. Counsel argued he should be able to use information relating to the alleged misconduct to impeach any testimony from officers under investigation or to undermine any evidence obtained from Ms. Mayhew's home. Counsel merely acknowledged that under the district court's ruling, he would be unable

-4-

to introduce impeachment evidence if the officers were not called to testify or if evidence obtained from Ms. Mayhew's home was not introduced. Because the officers were not called to testify and no evidence from the search of the house was introduced, counsel had no opportunity to introduce evidence of the alleged officer misconduct. Counsel cannot be considered ineffective for properly objecting to the Government's motion and complying with the district court's decision to exclude evidence of officer misconduct unless the Government first opened the door to its admission.

**II. Whether Counsel Was Ineffective for Failing to Contest the Jury's Drug Quantity Findings**

Mr. Bell's remaining claim of ineffective assistance of counsel relates to counsel's alleged failure to properly dispute the jury's factual finding that Mr. Bell was responsible for the manufacture or distribution of 2,400 grams of methamphetamine. Specifically, Mr. Bell argues his counsel failed to make specific factual objections to the jury's reliance on the testimony of Mr. Bell's coconspirators.

Before sentencing, Mr. Bell's counsel made several objections to the presentencing report. Of relevance here, counsel objected to the jury's drug quantity determination as follows:

> At trial, the jury determined the quantity of methamphetamine to be 2400 grams. Defendant argues that the evidence relied upon by the jury was wholly unreliable and would request the Court make its own determination using independent judgment.

Mr. Bell argues this objection was "pro forma" and failed to properly invoke the district court's independent factfinding obligation during sentencing.

Although counsel's objection was brief, it sufficed to put the district court on notice of Mr. Bell's objection. At the sentencing hearing, the district court considered Mr. Bell's objection to the jury's drug quantity finding. The court specifically acknowledged it was not bound by the jury's drug quantity finding. *See United States v. Magallanez*, 408 F.3d 672, 685 (10th Cir. 2005) ("[W]hen a district court makes a determination of sentencing facts by a preponderance test under the now-advisory Guidelines, it is not bound by jury determinations reached through application of the more onerous reasonable doubt standard."). It nevertheless concluded the jury's finding was "consistent with the testimony and evidence presented at trial" and overruled Mr. Bell's objection. Thus, counsel's objection adequately invoked the district court's authority to make its own drug quantity determination.

Even if we agreed with Mr. Bell that counsel's objection to the jury's drug quantity determination was objectively deficient, we would conclude that Mr. Bell has failed to demonstrate prejudice under *Strickland*. Mr. Bell's challenge to the jury's drug quantity finding is essentially a challenge to the jury's credibility determination. Mr. Bell argues the testimony of his coconspirators was unreliable and asserts his counsel should have pointed to specific factual inaccuracies to undermine that testimony. But, as the district court recognized at sentencing, the jury was aware of the problems with the coconspirators' credibility. The jury was informed that the witnesses were testifying in exchange for immunity or reduced sentences. And the jury was given the opportunity to judge the witnesses' credibility during cross-examination. We have routinely held that

credibility determinations are the sole province of the trier of fact—in this case the jury. *See, e.g.*, *United States v. Taylor*, 592 F.3d 1104, 1108 (10th Cir. 2014). The district court was also privy to this information. Nevertheless, it declined to disturb the jury's determination of the appropriate drug quantity chargeable to Mr. Bell.

Under these facts, Mr. Bell has not demonstrated a reasonable likelihood the result of his sentencing would have been different had counsel's objection been more specific. Accordingly, we hold he has not met the second prong of *Strickland*.

To conclude, Mr. Bell's counsel did not render objectively deficient performance regarding the failure to introduce information about the alleged misconduct of members of the Tulsa Police Department. Counsel objected to the jury's drug quantity finding, and the district court independently examined the evidence on that issue and chose not to disturb the jury's finding. Even if we were to conclude counsel's objection to the jury's drug quantity finding was deficient because it did not highlight the coconspirators' credibility issues, Mr. Bell cannot demonstrate prejudice. Accordingly, we deny Mr. Bell's request for a COA and dismiss this appeal. Finally, we grant Mr. Bell's request to proceed in forma pauperis, but remind him of his obligation to make partial payments until the district court and appellate filing fees are paid in full. *See* 28 U.S.C. § 1915(b)(1).

ENTERED FOR THE COURT

Carolyn B. McHugh
Circuit Judge
